IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


**LAKE POINT TOWER RENAISSANCE**
**PLAZA, LLC,** An Illinois Limited
Liability Company,

                    Plaintiff,

         v.

**UNITED CENTRAL BANK,** A Texas
Corporation,

                    Defendant.

---

| | |
|---|---|
| **UNITED CENTRAL BANK,** a Texas Banking Institution, Successor in Interest to the **FEDERAL DEPOSIT INSURANCE CORPORATION,** Receiver for **MUTUAL BANK,** | Case No. 12 C 7575<br><br>Hon. Harry D. Leinenweber |

                    Counter-Plaintiff,

         v.

**LAKE POINT TOWER RENAISSANCE**
**PLAZA, LLC,** formerly known as
**LAKE POINT TOWER COMMERCIAL,**
**LLC,** an Illinois Limited
Liability Company; **LAKE POINT**
**TOWER CONDOMINIUM ASSOCIATION,**
an Illinois Not-for-Profit
Corporation; **A. ROBERT ABBUD,** a
Citizen of Illinois; **EVANGELINE**
**GOULETAS,** a Citizen of Florida;
**CITE, LLC,** an Illinois Limited
Liability Company; **UNKNOWN**
**OWNERS and NON-RECORD**
**CLAIMANTS,**

                    Counter-Defendants.

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND**

The Counter-Defendant, Lake Point Tower Renaissance Plaza, LLC ("Lake Point"), executed a mortgage, security agreement and fixture filing in 2004 for commercial retail and office condominium space. In 2008, the Counter-Plaintiff, United Central Bank ("United Central"), acquired the loan and promissory note. The Counterclaim is a suit to foreclose the mortgage. The case in chief brought by Lake Point is for breach of contract concerning one of the provisions in the mortgage agreement. Lake Point is in default on the mortgage loan. It seeks to present as affirmative defenses: breach of contract (Affirmative Defense No. 1); unclean hands (Affirmative Defense No. 2); and estoppel (Affirmative Defense No. 3). United Central has filed a Motion to Strike the three affirmative defenses.

**II. DISCUSSION**

**A. Motion to Strike**

Rule 12 (f) governs motions to strike affirmative defenses. Pursuant to the rule any insufficient defense can be stricken when they appear to be insufficient on the pleadings. *Sloan Valve Co. v. Zurn Industries, Inc.,* 712 F.Supp.2d 743,749 (N.D. Ill. 2010).

## B. Breach of Contract

Section 5.08 of the mortgage states in relevant part:

> SECTION 5.08. <u>Waiver of Rights and Defenses</u>. To the fullest extent Mortgagor may lawfully do so, Mortgagor agrees with Mortgagee as follows: . . .
> (e) Mortgagor shall not be relieved of its obligation to pay the Indebtedness at the time and in the manner provided herein and in the Note, nor shall the lien or priority of this Mortgage be impaired by any of the following actions, non-actions or indulgences by Mortgagee:
>> (I) any failure or refusal by Mortgagee to comply with any request by Mortgagor:
>> (A) to consent to any action by Mortgagor.

All of the affirmative defenses would seem to be foreclosed by Section 5.08. Lake Point, however, argues that it depends on the facts of the case, that a breach can be so substantial so as to relieve another of a duty to perform. The only case it cites is *Lempa v. Finkel,* 278 Ill.App.3d 417 (2nd Dist. 1996). That case involved a number of separate agreements between the mortgagee and the mortgagor. While the court did hold that the mortgagor was not foreclosed from pursuing legal recourse for its other agreements, a lease and a covenant not to sue, it was not asked to and did not decide that mortgagor was not obligated to make its mortgage payments. In fact, the court upheld the judgment for the mortgage arrears. Here, the Court has already declined to dismiss Lake Point's breach of contract suit, but this is a separate undertaking.

Section 5.08 does not necessarily prevent a suit for breach of contract but it does prevent any action that would impede United Central from foreclosing on its mortgage.

### C.  Estoppel

The second affirmative defense pled is estoppel.  United Central argues that it does not allege that it misrepresented or concealed material facts or that it made any representations that were untrue.  All Lake Point is alleging is that United Central unreasonably refused to release certain parcels so as to allow Lake Point to make sales.  They may or may not have had a right to do so but that is what is alleged in Lake Point's case in chief, not that it misrepresented anything.

### D.  Breach of Duty

The third affirmative defense is unclean hands or breach of the duty of good faith and fair dealing.  However, this is merely a restatement of Lake Point's original claim in this case.  Its Complaint alleges that in violation of the Mortgage Agreement, United Central "unreasonably [withheld] consent" for the transactions for the lease and sale of portions of the mortgaged premises.  In its affirmative defense, Lake Point has alleged "without reasonable cause and with no valid justification, UCB wrongfully withheld its consent . . ." and ". . . UCB unreasonably withheld its consent to proposed transactions . . .".  Both of these track the language of the Mortgage Agreement.  Rule 12(f)

authorizes a court to strike "redundant" matters. This affirmative defense being redundant to the case in chief is therefore subject to being stricken.

Lake Point has also asserted the "right to add additional affirmative defenses." This court has previously held that such a claim is subject to striking. *Reis Robotics USA v. Concept Industries, Inc.,* 462 F.Supp.2d 897, 907 (N.D. Ill. 2006).

### III.  CONCLUSION

For the reasons stated herein, United Central's Motion to Dismiss the Affirmative Defenses to the Counterclaim is granted.

**IT IS SO ORDERED.**

                              Harry D. Leinenweber, Judge
                              United States District Court

Date:3/26/2014