IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**LAKE POINT TOWER RENAISSANCE PLAZA, LLC,** An Illinois Limited Liability Company,

    Plaintiff,

    v.

**UNITED CENTRAL BANK,** A Texas Corporation,

    Defendant.

---

**UNITED CENTRAL BANK,** a Texas Banking Institution, Successor in Interest to the **FEDERAL DEPOSIT INSURANCE CORPORATION,** Receiver for **MUTUAL BANK,**

    Counter-Plaintiff,

    v.

**LAKE POINT TOWER RENAISSANCE PLAZA, LLC,** formerly known as **LAKE POINT TOWER COMMERCIAL, LLC,** an Illinois Limited Liability Company; **LAKE POINT TOWER CONDOMINIUM ASSOCIATION,** an Illinois Not-for-Profit Corporation; **A. ROBERT ABBUD,** a Citizen of Illinois; **EVANGELINE GOULETAS,** a Citizen of Florida; **CITE, LLC,** an Illinois Limited Liability Company; **UNKNOWN OWNERS and NON-RECORD CLAIMANTS,**

    Counter-Defendants.

Case No. 12 C 7575

Hon. Harry D. Leinenweber

**MEMORANDUM OPINION AND ORDER**

The Counter-Plaintiff, United Central Bank ("United Central"), has moved for the appointment of a receiver of the property subject to foreclosure in the Counterclaim.

## I. DISCUSSION

United Central's argument is straightforward: it has filed a foreclosure action against Lake Point Tower Renaissance Plaza, LLC ("Lake Point") and the property subject to foreclosure, Lake Point is in default, the mortgage document provides for the appointment of a receiver if there is a default in the mortgage. It argues that the statute governing the appointment of a receiver authorizes such an appointment in circumstances that are present here. 735 ILCS § 5/15-1701(b) provides:

> (b) Pre-Judgment. Prior to the entry of a judgment of foreclosure:
> . . . .
>
> (2) In all other cases, if (I) the mortgagee is so authorized by the terms of the mortgage or other written instrument, and (ii) the court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause, the mortgagee shall upon request be placed in possession of the real estate, except that if the mortgagor shall object and show good cause, the court shall allow the mortgagor to remain in possession.

In fact, the statute contains a presumption in favor of the appointment of a receiver and it is the mortgagor's burden under the statute to establish that it should remain in possession of the property. *Home Life Ins. Co. v. American Nat. Bank and Trust Co.,*

777 F.Supp. 629, 632 (N.E. Ill. 1991). The statute does provide for keeping the mortgagor in possession if it can establish "good cause." The good cause claimed by Lake Point is, first, the fact that this Court did not dismiss its lawsuit in this case, and second, it has several negotiations on going which could be jeopardized in the event of the appointment of a receiver.

The first argument, its suit in chief, is not sufficient. As the Court has previously ruled, its claim is not a defense to a foreclosure. The second argument is foreclosed by both *Home Life* and *Travelers Insurance Co. v. 100 LaSalle Associates,* 1990 WL 156523, *2, 1990 WL 156523 (N.D. Ill. 1990). As pointed out in *Home Life,* if pending negotiations could be raised in every case, no receiver could ever be appointed because by the nature of things, land owners are always trying to sell or lease their property.

Therefore, the Motion for the Appointment of a Receiver is granted.

## II. CONCLUSION

For the reasons stated herein, United Central's Motion to Appoint a Receiver is granted.

**IT IS SO ORDERED.**

                                         _____
                                         Harry D. Leinenweber, Judge
                                         United States District Court

Date:3/26/2014